# UNITED STATES BANKRUPTCY COURT

### ___Northern___ District of ___California___

In re ___KATIE RUTH DAVIS_____,
      Debtor

Case No. ___11-44461-CN-13_____

Chapter 13

## Notice of Mortgage Payment Change

**If you file a claim secured by a security interest in the debtor's principal residence provided for under the debtor's plan pursuant to § 1322(b)(5), you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due.** See Bankruptcy Rule 3002.1.

**Name of creditor:** DEUTSCHE BANK NATIONAL TRUST COMPANY, SOLELY AS TRUSTEE FOR MORTGAGEIT TRUST 2005-5, MORTGAGE-BACKED NOTES, SERIES 2005-5

**Court claim no.** (if known): _____

**Date of payment change:**
Must be at least 21 days after date of this notice

1 1 / 0 1 / 2 0 1 5

**Last four digits** of any number you use to identify the debtor's account:

0   3   5   6

**New total payment:** $ ___1,130.60___
Principal, interest, and escrow, if any

---

## Part 1: Escrow Account Payment Adjustment

**Will there be a change in the debtor's escrow account payment?**

☒ No

☐ Yes. Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why:

_____

Current escrow payment: $ _____     New escrow payment: $ _____

---

## Part 2: Mortgage Payment Adjustment

**Will the debtor's principal and interest payment change based on an adjustment to the interest rate in the debtor's variable-rate note?**

☐ No

☒ Yes. Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why: Pursuant to the terms of the Note. Creditor waiving difference between the old payment and new payment for the month of 10/1/15.

Current interest rate: ___5.875___ %     New interest rate: ___2.750___ %

Current principal and interest payment: $ ___832.29___     New principal and interest payment: $ ___916.21___

---

## Part 3: Other Payment Change

**Will the debtor's principal and interest payment change based on an adjustment to the interest rate in the debtor's variable-rate note?**

☒ No

☐ Yes. Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement. (*Court approval may be required before the payment change can take effect.*)

Reason for change _____

Current mortgage payment: $ _____     New mortgage payment: $ _____

bkusbk_POC_B10_SP-COS.rpt - 05/Northern/Oakland/0000005467584

Page 1 of 3

## Part 4: Sign Here

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number if different from the notice address listed on the proof of claim to which this Supplement applies.

Check the appropriate box.

☐ I am the creditor

☐ I am the creditor's authorized agent
(Attach copy of power of attorney, if any.)

I declare under penalty of perjury that the information provided in this Notice is true and correct to the best of my knowledge, information, and reasonable belief.

✘ /s/ MARISOL A. NAGATA

Signature

Date 0 9 / 2 8 / 2 0 1 5

**Print:**   MARISOL A.          NAGATA

First Name        Middle Name          Last Name

Title   ATTORNEY FOR SECURED CREDITOR

Company   BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP

Address   20955 PATHFINDER ROAD SUITE 300

Number          Street

DIAMOND BAR, CALIFORNIA 91765

City          State          ZIP Code

Contact phone ( 6 2 6 )   9 1 5 - 5 7 1 4

Email   NDCAECF@BDFGROUP.COM

bkusbk_POC_B10_SP-COS.rpt - 05/Northern/Oakland/0000005467584                                Page 2 of 3

# CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2015, a true and correct copy of the Notice of Mortgage Payment Change was served via electronic means as listed on the Court's ECF noticing system or by regular first class mail to the parties listed on the attached list.

Respectfully submitted,

BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP

BY: /s/ MARISOL A. NAGATA                    09/28/2015
    MARISOL A. NAGATA
    CA NO. 221387
    BARRETT DAFFIN FRAPPIER TREDER &
    WEISS, LLP
    20955 PATHFINDER ROAD SUITE 300
    DIAMOND BAR, CA 91765
    Phone: (626) 915-5714, Fax: (972) 661-7726
    E-mail:  NDCAECF@BDFGROUP.COM
    ATTORNEY FOR SECURED CREDITOR

**BY ELECTRONIC NOTICE OR REGULAR FIRST CLASS MAIL:**

**DEBTOR:**
KATIE RUTH DAVIS
209 MARKET AVENUE
RICHMOND, CA  94801

**DEBTOR'S ATTORNEY:**
PATRICK L FORTE
1 KAISER PLAZA #480
OAKLAND, CA  94612

**TRUSTEE:**
MARTHA G. BRONITSKY
P.O. BOX  5004
HAYWARD, CA  94540

SEE "PREPAYMENT NOTE ADDENDUM" ATTACHED HERETO AND MADE A PART HEREOF.
SEE "INTEREST-ONLY ADD. TO ARM NOTE" ATTACHED HERETO AND MADE A PART HEREOF.
SEE "ADDENDUM TO NOTE" ATTACHED HERETO AND MADE A PART HEREOF.

MIN
MERS Phone: 1-888-679-6377

# ADJUSTABLE RATE NOTE

LOAN NO.:

(LIBOR Six-Month Index (As Published In *The Wall Street Journal*) - Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

AUGUST 04, 2005                    SAN DIEGO                    CALIFORNIA
[Date]                             [City]                       [State]

209 MARKET AVENUE, RICHMOND, CA 94801
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $      170,000.00      (this amount is called "Principal"), plus interest, to the order of Lender. Lender is
MORTGAGEIT, INC

I will make all payments under this Note in the form of cash, check or money order.
I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of      5.875      %. The interest rate I will pay may change in accordance with Section 4 of this Note.
The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments
I will pay principal and interest by making a payment every month.
I will make these payments every month on the first day of each month beginning on      OCTOBER, 2005
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on      SEPTEMBER 01, 2035      , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at   MORTGAGEIT, INC
33 MAIDEN LANE 6TH FLOOR, NEW YORK, NY 10038
or at a different place if required by the Note Holder.
(B) Amount of My Initial Monthly Payments
Each of my initial monthly payments will be in the amount of U.S. $      1,005.61      . This amount may change.
(C) Monthly Payment Changes
Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

MULTISTATE ADJUSTABLE RATE NOTE - LIBOR SIX-MONTH INDEX (AS PUBLISHED IN *THE WALL STREET JOURNAL*) -
Single Family - Fannie Mae UNIFORM INSTRUMENT

Initials 

Form 3520 1/01

VMP-838N (0210)                    Page 1 of 4                    LENDER SUPPORT SYSTEMS INC. 838NXX.NEW (02/03)

Case: 11-44461   Doc# 55   Filed: 09/28/15   Entered: 09/28/15 14:02:54   Page 4 of 12

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**

**(A) Change Dates**

The interest rate I will pay may change on the first day of          SEPTEMBER, 2010          , and on that day every 6th    month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding
TWO AND ONE QUARTER              percentage points (     2.250          %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than          11.875     % or less than     2.250        %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than     TWO AND 000/1000THS          percentage point(s) (     2.000          %) from the rate of interest I have been paying for the preceding      6      months. My interest rate will never be greater than     11.875      % .

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

**6. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

Initials:

Case: 11-44461   Doc# 55   Filed: 09/28/15   Entered: 09/28/15 14:02:54   Page 5 of 12

**7. BORROWER'S FAILURE TO PAY AS REQUIRED**

    **(A) Late Charges for Overdue Payments**

    If the Note Holder has not received the full amount of any monthly payment by the end of      15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     6.000    % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

    **(B) Default**

    If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

    **(C) Notice of Default**

    If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

    **(D) No Waiver By Note Holder**

    Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

    **(E) Payment of Note Holder's Costs and Expenses**

    If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8. GIVING OF NOTICES**

    Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

    Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

    If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10. WAIVERS**

    I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11. UNIFORM SECURED NOTE**

    This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Katie K Davis_ _____(Seal)        _____(Seal)
KATIE R. DAVIS                    -Borrower                                   -Borrower

_____(Seal)        _____(Seal)
                    -Borrower                                   -Borrower

_____(Seal)        _____(Seal)
                    -Borrower                                   -Borrower

FOR VALUE RECEIVED, Pay To The Order Of

_____(Seal)        _____(Seal)
                    -Borrower                                   -Borrower

[Sign Original Only]

Without Recourse:
MIT Lending MORTGAGE IT, INC

By: _____
Title: Denice Sims, Assistant Secretary

VMP-838N (0210)                                                                    Form 3520 1/01

## INTEREST-ONLY ADDENDUM
## TO ADJUSTABLE RATE PROMISSORY NOTE

MIN: █████████████████
MERS Phone: 1-888-679-6377

LOAN NUMBER: █████████

PROPERTY ADDRESS: 209 MARKET AVENUE, RICHMOND, CA 94801

THIS ADDENDUM is made this 4th day of AUGUST, 2005 , and is incorporated into and intended to form a part of the Adjustable Rate Note (the "Note") dated the same date as this Addendum executed by the undersigned and payable to MORTGAGEIT, INC

(the "Lender").

THIS ADDENDUM supersedes Section 3(A), 3(B), 4(C) AND 7(A) of the Note. None of the other provisions of the Note are changed by this Addendum.

3.      PAYMENTS

(A)     Time and Place of Payments

I will pay interest by making payments every month for the first 120 payments (the "Interest-Only Period") in the amount sufficient to pay interest as it accrues. I will pay principal and interest by making payments every month thereafter for the next 240 payments in an amount sufficient to fully amortize the outstanding principal balance of the Note at the end of the Interest-Only Period over the remaining term of the Note in equal monthly payments.

I will make my monthly payments on the 1st day of each month beginning on OCTOBER, 2005 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before principal. If, on SEPTEMBER 01, 2035 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my payments at
33 MAIDEN LANE 6TH FLOOR, NEW YORK, NY 10038-
or at a different place if required by the Note Holder.

(B)     Amount of My Initial Monthly Payments

My initial monthly payments will be in the amount of U.S. $ 832.29 . This payment amount is based on the original principal balance of the Note. This payment amount may change.

Initials: ___

Case: 11-44461   Doc# 55   Filed: 09/28/15   Entered: 09/28/15 14:02:54   Page 8 of 12

4. **INTEREST RATE AND MONTHLY PAYMENT CHANGES**

   (C)   Calculation of Changes

   Before each Change Date, the Note Holder will calculate my new interest rate by adding TWO AND ONE QUARTER   percentage point(s) (  2.250   %) to the Current Index for such Change Date. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

   During the Interest-Only Period, the Note Holder will then determine the amount of the monthly payment that would be sufficient to repay accrued interest. This will be the amount of my monthly payment until the earlier of the next Change Date or the end of the Interest-Only Period unless I make a voluntary prepayment of principal during such period. If I make a voluntary prepayment of principal during the Interest-Only Period, my payment amount for subsequent payments will be reduced to the amount necessary to pay interest at the then current interest rate on the lower principal balance. At the end of the Interest-Only Period and on each Change Date thereafter, the Note Holder will determine the amount of the monthly payment that would be sufficient to repay in full the unpaid principal that I am expected to owe at the end of the Interest-Only Period or Change Date, as applicable, in equal monthly payments over the remaining term of the Note. The result of this calculation will be the new amount of my monthly payment. After the end of the Interest-Only Period, my payment will not be reduced due to voluntary prepayments.

7. **BORROWER'S FAILURE TO PAY AS REQUIRED**

   (A)   Late Charge for Overdue Payments

   If the Note Holder has not received the full amount of any monthly payment by the end of 15   calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 6.00  % of my overdue payment of interest for the first   120   payments,   6.00   % of my overdue payment of principal and interest thereafter. I will pay this late charge promptly but only once on each late payment.

_Katie R Davis_____(Seal)   _____(Seal)
KATIE R. DAVIS                    -Borrower                              -Borrower

_____(Seal)   _____(Seal)
                                  -Borrower                              -Borrower

_____(Seal)   _____(Seal)
                                  -Borrower                              -Borrower

_____(Seal)   _____(Seal)
                                  -Borrower                              -Borrower

Form 603E                         Page 2 of 2

# ADDENDUM TO NOTE

MIN: ████████████
MERS Phone: 1-888-679-6377

LOAN NO.: ████████

This addendum is made ____AUGUST 04, 2006____ and is incorporated into and deemed to amend and supplement the Adjustable Rate Note of the same date.

The property covered by this addendum is described in the Security Instrument and located at:
209 MARKET AVENUE, RICHMOND, CA 04801

## AMENDED PROVISIONS

In addition to the provisions and agreements made in the Note, I/we further covenant and agree as follows:

## ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES

### Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than ____11.875____ % or less than ____2.250____ %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than ____TWO AND 000/1000THS____ percentage point(s) ( 2.000 %) from the rate of interest I have been paying for the preceding six (6) months. My interest rate will never be greater than ____11.875____ %. My interest rate will never be less than ____2.250____ %.

## UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

In Witness Thereof, Trustor has executed this addendum.

Witness _____

_Katie R Davis 8/15/05_
KATIE R. DAVIS                     (Date)                                    (Date)

_____          (Date)                                    (Date)

1201 LIBOR Addendum to Note (07/01)                    LENDER SUPPORT SYSTEMS, INC. AURA1201 AUR (08/04)

# PREPAYMENT NOTE ADDENDUM
## (Multi-State)

This Prepayment Note Addendum is made this 4th day of      AUGUST, 2005      and is incorporated into and shall be deemed to amend and supplement the Note of the same date (the "Note") made by the undersigned (the "Borrower") to evidence indebtedness to

MORTGAGEIT, INC

(the "Lender"), which debt is secured by a Mortgage or Deed of Trust or comparable security instrument (the "Security Instrument") of the same date and covering the property described in the Security Instrument and located at
200 MARKET AVENUE, RICHMOND, CA 94801
(the "Property").

Additional Covenants. Notwithstanding anything to the contrary set forth in the Note or Security Instrument, Borrower and Lender covenant, and agree, that the provisions of the section of the Note entitled "BORROWER'S RIGHT TO PREPAY" are amended to read as follows:

Subject to the prepayment penalty provided below, I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." A "full prepayment" is the prepayment of the entire unpaid principal due under the Note. A payment of only part of the unpaid principal is known as a "partial prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a prepayment if I have not made all the monthly payments due under the Note.

If, within the      36      month period beginning with the date Borrower executes the Note (the "Penalty Period"), Borrower makes a full prepayment, or partial prepayment in any   TWELVE   (12)-month period that exceeds 20 % of the original principal loan amount, Borrower will pay a prepayment charge as consideration for the Note Holder's acceptance of such prepayment. The prepayment charge will equal the amount of interest that would accrue during a      SIX      (6) month period on the amount prepaid that exceeds 20 % of the original principal balance of the Note, calculated at the rate of interest in effect under the terms of the Note at the time of the prepayment, unless otherwise prohibited by applicable law or regulation. No prepayment charge will be assessed for any prepayment occurring after the Penalty Period.

Notwithstanding the foregoing, in the event of a full prepayment concurrent with a bona fide sale of the Property to an unrelated third party after the first  0  months of the term of the Note, no prepayment penalty will be assessed. In that event, I agree to provide the Note Holder with evidence acceptable to the Note Holder of such sale.

The Note Holder will apply all prepayments to reduce the amount of principal that I owe under the Note. However, the Note Holder may apply my prepayment to the accrued and unpaid interest on the prepayment amount, before applying my prepayment to reduce the principal amount of the Note. If I make a partial prepayment, there will be no change in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes.

Initials: KRC

If my Note is an Adjustable Rate Note, partial prepayments may reduce the amount of my monthly payment after the first Interest rate Change Date following the partial prepayment. However, any reduction due to my partial prepayment may be offset by an interest rate increase.

The Note Holder's failure to collect a prepayment charge at the time a prepayment is received shall not be deemed a waiver of such charge. Any prepayment charge not collected at the time the prepayment is received shall be payable on demand.

All other provisions of the Note are unchanged and remain in full force and effect.

NOTICE TO BORROWER

Do not sign this Addendum before you read it. This Addendum provides for the payment of a prepayment charge if you wish to repay the loan prior to the date provided for repayment in the Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED:

_____(Seal)          _____(Seal)
KATIE R. DAVIS                      -Borrower                                          -Borrower

_____(Seal)          _____(Seal)
                                    -Borrower                                          -Borrower

_____(Seal)          _____(Seal)
                                    -Borrower                                          -Borrower

_____(Seal)          _____(Seal)
                                    -Borrower                                          -Borrower

60381 Multi-state Note Addendum 01/01                        Page 1 of 1